LYSSA S. ANDERSON
Nevada Bar No. 5781
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com

Attorneys for Defendant
LAS VEGAS METROPOLITAN POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY KOIRO,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CHRISTOPHER CATANESE,<br><br>        Defendants. | Case No. 2:12-cv-00725-MMD-GWF<br><br>**STIPULATION AND ORDER FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

      Discovery in this action will require Las Vegas Metropolitan Police Department ("LVMPD") and Christopher Catanese ("Catanese") to provide the parties to this lawsuit with information and documents that contain information that is confidential, proprietary and sensitive as discussed in Segura v. Reno, 116 F.R.D. 42 (D.Nev. 1987). Although this information may be subject to conditional disclosure, Catanese is entitled to the protections described below.

      1.    As used in this Protective Order, the term "Confidential Information" means any documents, testimony, or other information that is produced from the date of this agreement forward and has been designated as "CONFIDENTIAL".

/././

1    2.    The term "disclosure" shall include the dissemination, communication,
2  publication and reproduction of any confidential material or the specific contents of the
3  information contained therein, or the communication of any estimate or other information which
4  facilitates the discovery of confidential information. Should any pleadings with the Court
5  require reference or attachment of any confidential information, the attachment shall be filed
6  under seal pursuant to this Stipulation and Order, as further defined in Paragraph 11 below.

7    3.    As used in this Protective Order, the term "qualified persons" means (i) counsel of
8  record for the parties to this litigation, including office associates, paralegals, and stenographic
9  and clerical employees to who disclosure is reasonably necessary; (ii) experts retained for the
10  purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and
11  signed a copy of this Stipulation; (iii) parties to this action; and (iv) court personnel, including
12  stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

13    4.    Confidential information shall be and remain confidential, and, except as allowed
14  by this Protective Order, may not be disclosed or communicated, nor used for any purpose other
15  than this litigation, including any appeals.

16    5.    Any and all documents containing confidential information must be retained by
17  counsel and not be disclosed or made available to any person other than a qualified person who
18  has read and acknowledged the terms of this Protective Order. Similarly, the confidential
19  information contained within those documents may not be disclosed to any person other than a
20  qualified person. To the extent reasonably necessary, copies of confidential documents may be
21  provided to experts retained for the purpose of this litigation to whom disclosure is reasonably
22  necessary and who have signed this Stipulation and Protective Order. Nothing in this Protective
23  Order shall in any way affect the admissibility or use at trial of any of the documents produced
24  under this Protective Order.

6. Any person who is in possession of confidential information, or to whom confidential information is disclosed, is responsible for ensuring that such confidential information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful disobedience of this Protective Order, and will be punished accordingly.

7. Counsel receiving confidential information may not disclose that confidential information to any expert without first furnishing to that expert a copy of this Stipulation and Protective Order and obtaining a signed copy of this Stipulation and Protective Order from that expert.

8. Any person who executed a copy of this Stipulation and Protective Order submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or person affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order, or for such additional relief as may become appropriate.

9. If a party objects to the designation by LVMPD and/or Catanese of a documents or item, pleading, or transcript of testimony as "CONFIDENTIAL" the party shall give notice of the same to Counsel for LVMPD, in writing of the document, pleadings, and/or testimony at issued and the reason for the objection. LVMPD shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the documents, pleadings, and/or testimony pursuant to the Federal Rules of Civil Procedure. If LVMPD does not make application within twenty (20) business days after receipt of the written objection (or within the stipulated time period if stipulated to be longer or shorter than twenty (20) days), then the

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
6345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1  documents, pleading, and/or testimony at issued shall no longer be deemed "CONFIDENTIAL".
2  However, until expiration of the twenty (20) day time period (or longer or shorter if stipulated)
3  or until the Court enters an order changing the designation, whichever is later, the information
4  shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided
5  for in this order.

6      10.    If any individual making copies of any confidential information allowed by this
7  agreement, said individual must ensure that the copies are also marked "Confidential".

8      11.    Any person who wishes to file with this Court any document, paper, or other
9  tangible item disclosing confidential material may disclose only those confidential materials that
10 are necessary to support the pleadings, motion or other paper to which the confidential
11 document, paper, or other tangible item is attached and must do so under seal, permissible
12 pursuant to this Stipulation and Order.

13     12.    Nothing in this Protective Order precludes the deposition examination of any
14 person regarding confidential information of which they have knowledge. In any such
15 deposition, third-party may designate specific testimony deemed to be "CONFIDENTIAL" by
16 advising the court reporter of such fact prior to the conclusion of the deposition. The reporter
17 shall mark the fact of the transcript "CONTAINS CONFIDENTIAL INFORMATION." All
18 transcripts of said deposition containing confidential information will be treated in accordance
19 with this Protective Order, wherein if any portions of the deposition transcript containing
20 confidential material is to be filed with the Court, it should be filed with the Court under seal as
21 described in paragraph 11.

22     13.    Only qualified persons may attend deposition examinations in this case unless
23 counsel for all parties agrees otherwise.
24 /././

14. The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court under seal.

15. If, during trial, any party intends to introduce into evidence any information designated as "CONFIDENTIAL", the party shall give timely notice of that intention to the Court and the opposing counsel, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information, without violating any statute or other rule of the Court.

16. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon a privilege (including but not limited to HIPPAA rights of others) or for some reason other than the mere confidential or proprietary nature of the document or information (including but not limited to non-discoverable trade secrets).

17. Upon the final determination of this action, counsel and all qualified persons shall return any confidential information to counsel for the third-parties that produced the information, upon their request, together with any copies of confidential information. Transcripts containing confidential information also must be returned to the requesting third-parties' counsel. All pleadings with confidential information attached or referenced may be maintained in the appropriate counsel's files, and the appropriate counsel may maintain or destroy all documents with work product thereupon, provided that such counsel and employees of such counsel, shall not disclose any such material contained in such documents to any person or entity. All notes or

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

any other memorialization of the information contained in the confidential material produced that are in the possession of a party may be retained by that party's counsel, but shall be placed in a sealed envelope or other contained on the face of which shall be typed or printed:

### CONFIDENTIAL

THE INFORMATION CONTAINED HEREIN IS CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA. ANYONE NOT PERMITTED TO REVIEW THIS INFORMATION AS SET FORTH IN THAT PROTECTIVE ORDER IS IN VIOLATION OF THAT ORDER, AND MAY HAVE SANCTIONS IMPOSED AGAINST HIM OR HER AS THE COURT MAY DETERMINE AND ALLOWABLE UNDER LAW AND MAY ALSO BE SUBJECT TO CONTEMPT OF COURT PROCEEDINGS.

18. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

DATED this 24th day of ~~September~~ October, 2012.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

BY: _____
LYSSA S. ANDERSON
NV Bar 5781
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
**Attorneys for Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT**

1  DATED this ___4___ day of ~~September~~ October, 2012.

2

3

4  BY: _____
     KIRK T. KENNEDY
5    NV Bar 5032
     815 South Casino Center Blvd.
6    Las Vegas, NV 89101
     **Attorney for Plaintiff**

7  DATED this ___17___ day of ~~September~~ OCTOBER, 2012.

8

9

10

11 BY: _____
    ROBERT W. FREEMAN
    NV Bar 3062
12  1060 Wigwam Parkway
    Henderson, NV 89074
13  **Attorney for CHRISTOPHER CATANESE**

14                **ORDER**

15 IT IS SO ORDERED.

16  _____
    GEORGE FOLEY, JR.
17  United States Magistrate Judge

18  DATED:   October 25, 2012

19

20

21

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1176685_1.DOC  6943.43