UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY KOIRO,<br><br>                Plaintiff,<br><br>    v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT and CHRISTOPHER CATANESE,<br><br>                Defendants. | Case No. 2:12-cv-00725-MMD-GWF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 11) |

**I.  SUMMARY**

Before the Court is Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion to Dismiss. (Dkt. no. 11.) For reasons discussed below, the Motion is denied in part and granted in part.

**II.  BACKGROUND**

Plaintiff Gregory Koiro brought this action in state court against Defendants LVMPD and Officer Christopher Catanese alleging negligence, negligent supervision, intentional infliction of emotional distress, battery, and violations of various federal constitutional rights arising out of a physical altercation between LVMPD Officer Catanese and Koiro outside of Koiro's friend's residence. Koiro alleges that Catanese, off-duty at the time, initiated an unlawful physical altercation with him which led to Koiro's arrest and unlawful conviction of misdemeanor battery. Defendants timely removed the action to this Court.

## III. STANDARD OF REVIEW

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory."
///

2

*Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

## IV. DISCUSSION

LVMPD brings this Motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, LVMPD attached a voluntary statement made by Koiro to LVMPD authorities and seeks summary judgment based on Fed. R. Civ. P. 56 accordingly.

Where either party submits materials outside the pleadings in support of, or opposition to, a Rule 12(b)(6) motion to dismiss, the motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if the Court relies on those materials. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996); cf. Fed. R. Civ. P. 12(d). The Court, however, has discretion to consider or reject such materials, and a motion to dismiss will not be converted into one for summary judgment if the Court does not rely on the extrinsic materials. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143-46 (9th Cir. 2003). In light of this discretion, and given that Koiro has not had an opportunity to present evidence in support of his position, the Court will not consider LVMPD's voluntary statement, and denies LVMPD's request for summary judgment. *See* Fed. R. Civ. P. 56(d) (allowing a court to deny summary judgment where there has been incomplete discovery).

### A. Suit Against Catanese in Official Capacity

As correctly argued by LVMPD, the federal claims against Catanese in his official capacity must be dismissed as duplicative of the *Monell* claims against LVMPD. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

///
///
///
///
///

B. **Negligent Supervision Claim Against LVMPD**

LVMPD argues that Koiro's state law negligent supervision claim against LVMPD must be dismissed because LVMPD is immune from suit pursuant to NRS § 41.032.[1] To determine whether immunity for a discretionary act applies, Nevada law requires, first, that the act involves an element of individual judgment or choice and, second, the judgment must be "of the kind that the discretionary function exception was designed to shield" involving "social, economic, or political policy considerations." *Martinez v. Maruszczak*, 168 P.3d 720, 728-29 (Nev. 2007). "The discretionary act exception was designed 'to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Neal-Lomax v. Las Vegas Metro. Police Dept.*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008) (quoting *Martinez*, 168 P.3d at 729). Nevada looks to federal case law on the Federal Tort Claims Act for guidance on what type of conduct discretionary immunity protects. *Id.* at 727-28. The Ninth Circuit has stated that decisions related to the hiring, training, and supervising of employees implicate policy judgments Congress intended to be subsumed within the discretionary function exception. *See Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (citing cases). Accordingly, Koiro's claims relating to negligent supervision fall within NRS § 41.032 and cannot proceed. *See, e.g., Neal-*

---

[1] The statute provides that:

> no action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:
>
> 1. Based upon an act or omission of an officer, employee or immune contractor, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if the statute or regulation has not been declared invalid by a court of competent jurisdiction; or
>
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

NRS § 41.032 (limiting NRS § 41.031's waiver of sovereign immunity).

*Lomax*, 574 F. Supp. 2d at 1192 (holding that Nevada discretionary function exception applies to shield LVMPD against negligent supervision and training claim).

### C. *Heck v. Humphrey* Bar

LVMPD argue that Koiro's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because of Koiro's negotiated guilty plea on one count of misdemeanor battery against Catanese. "*Heck* says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005).

Koiro alleges in his Complaint that both he and Catanese were involved in a physical altercation, and that he was arrested for violations related to this battery. However, a question of fact exists as to whether a finding for Koiro on his federal claims calls into question the propriety of his state law conviction. So long as Koiro could lawfully be charged for a battery notwithstanding Catanese's unlawful initiation of a fight (e.g., if Koiro exceeded the scope of permissible self-defense in retaliation), then his claims would not be *Heck* barred. *See, e.g.*, *Smith*, 394 F.3d at 697-99 (refusing to grant summary judgment in favor of defendants where factual record underlying conviction inconclusive as to whether plaintiff's excessive force claims are *Heck* barred). As this inquiry is a fact-specific one, the Court declines LVMPD's request to dismiss the claim at this stage in the proceedings. *See Curry v. Baca*, 497 F. Supp. 2d 1128, 1131 (C.D. Cal. 2007) ("The case law addressing the application of Heck in the context of § 1983 actions is highly fact specific.").

### D. *Monell* Liability Against LVMPD

LVMPD further argues that Koiro failed to allege that LVMPD was acting pursuant to a policy or custom that led to his alleged constitutional violations. Under *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694-95 (1978), municipalities can only be sued under § 1983 for injuries inflicted in the course of executing policy or custom. The Ninth Circuit recognizes four categories of "official municipal policy"

sufficient to establish municipal liability under *Monell*: (1) action pursuant to an express policy or longstanding practice or custom; (2) action by a final policymaker acting in his or her official policymaking capacity; (3) ratification of an employee's action by a final policymaker; and (4) a failure to adequately train employees with deliberate indifference to the consequences. *Christie v. Iopa*, 176 F.3d 1231, 1235-40 (9th Cir. 1999). A plaintiff must also establish a direct causal link between the municipal policy and the alleged constitutional deprivation. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996).

LVMPD argues that because Koiro alleges that Catanese deviated from official policy, custom, or practice during his off-duty encounter with Koiro, LVMPD necessarily was not acting pursuant to a policy or practice. However, Koiro alleges that LVMPD promulgates policies for the use of force and bases for arrest, and that "despite these policies," Catanese engaged in unlawful conduct. (Dkt. no. 1-1 at ¶ 13.) In addition, Koiro alleges that his § 1983 claims are brought due to Defendants' actions "done pursuant to a custom, practice and/or policy of the Defendants." (*Id.* at ¶ 36.) These allegations apply both to claims asserted under a supervision/training theory, and any asserted under a direct liability theory.

LVMPD erroneously argues that a supervision/failure to train theory cannot stand when Koiro alleges only that Catanese acted outside of municipal custom or policy. It is precisely Catanese's actions taken outside the scope of his legal charge that may imply a failure to adequately train or supervised him. However, Koiro's pleading read fairly leaves open a plausible claim either that actions were in accord with express policy or longstanding custom, or that LVMPD failed to adequately train or supervise Catanese on its lawful policies. As a result, LVMPD's citations to *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996) (affirming dismissal for failure to allege policy or custom), *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (same), and *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 624 (9th Cir. 1988) (same) are inapplicable. Koiro has

///

satisfied his burden under *Iqbal* to allege sufficient facts to render his municipal liability claims plausible on their face. *See Iqbal*, 556 U.S. at 678.

### E. "Under Color of State Law" Requirement

LVMPD argues that Koiro has not alleged that Catanese acted under color of state law as required to sustain a § 1983 violation. LVMPD rests this contention exclusively on the fact that Catanese was off duty and not in uniform when the alleged violations occurred. That fact does not end the analysis, however.

To be held liable under § 1983, a person must act "under color of law." 42 U.S.C. § 1983. A police officer's duties are performed under color of state law if they are in some way related to the performance of her official duties, as opposed to pursuing her own goals not in any way subject to control by her public employer. *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998). Whether a police officer is off duty does not resolve the question of whether he or she acted under color of state law. *Layne v. Sampley*, 627 F.2d, 12, 13 (6th Cir.1980). As a result, an interrogation into the underlying facts that undergird a claim may be necessary. *See id.* ("Although in certain cases, it is possible to determine the question whether a person acted under color of state law as a matter of law, there may remain in some instances unanswered questions of fact regarding the proper characterization of the actions for the jury to decide."); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (noting that there is no "rigid formula" for determining whether an official acted under color of state law, a determination that "turns on the nature and circumstances" of the underlying facts); *see, e.g.*, *Traver v. Meshriy*, 627 F.2d 934, 938 (9th Cir.1980) (holding that an off-duty police officer employed as a bank security guard acted under color of law when he identified himself as a police officer to a bank robbery suspect).

At this early stage in the litigation, Koiro has met his burden to demonstrate a plausible claim that Catanese acted under color of state law. It is plausible that the confrontation included references to Catanese's status as a police officer, an invocation that may be sufficient to find his actions conducted pursuant to state law. Notably,

7

LVMPD concedes that Catanese's actions "are consistent with the acts of a private citizen just as much as they are consistent with the acts of a police officer." In light of this conflict, the Court must rest its decision in favor of Koiro. *See Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity . . . .").

### F. LVMPD's Vicarious Liability for State Law Violations

Finally, LVMPD seeks dismissal of Koiro's negligence, battery, and intentional infliction claims against LVMPD on the basis of NRS § 41.745.[2] LVMPD argues that Koiro's alleged injuries at the hand of an off-duty officer cannot lead to LVMPD's *respondeat superior* liability because it is not foreseeable that LVMPD would engage Koiro on behalf of the Department. In light of the Nevada Supreme Court's decision in *Wood v. Safeway, Inc.*, 121 P.3d 1026 (Nev. 2005), the Court holds that NRS § 41.745 does not warrant dismissal of the Complaint at this stage of the litigation. It is entirely foreseeable — and very likely encouraged — that off-duty police officers exercise their law enforcement authority and deploy their training when confronted with conduct that they feel is potentially unlawful. As Catanese is permitted, if not mandated, to use his LVMPD-imposed authority even when off duty, LVMPD may be vicariously liable for his intentional misconduct.

///

---

[2] The statute provides in pertinent part that:

> 1. An employer is not liable for harm or injury caused by the intentional conduct of an employee if the conduct of the employee:
> (a) Was a truly independent venture of the employee;
> (b) Was not committed in the course of the very task assigned to the employee; and
> (c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment. For the purposes of this subsection, conduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury.

NRS § 41.745(1).

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Las Vegas Metropolitan Police Department's Motion to Dismiss (dkt. no. 11) is GRANTED in part and DENIED in part.

DATED THIS 22nd day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE