UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY KOIRO,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 2:12-CV-00725-RFB-GWF<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION FOR STAY**<br><br>(ECF No. 72) |

**I.     BACKGROUND**

This Court's November 21, 2014, Order denied in part Defendants' Motion for Summary Judgment, finding that Defendant-Officer Christopher Catanese was not entitled to qualified immunity. ECF No. 65.  Viewing the facts and drawing all inferences in the light most favorable to Plaintiff Gregory Koiro, the Court found that Koiro's allegations and supporting evidence demonstrated that Catanese's actions violated the Fourth Amendment. Id. at 7-12. Further, the Court found as a matter of law that the actions alleged by Koiro—an unprovoked attack by a police officer, consisting of pushing or jumping on Koiro from behind, causing him to fall over, and repeatedly punching him in the sides, stomach, and back of the head—violated a clearly established right. Id. at 13-14. Catanese then filed a Notice of Appeal, ECF No. 66, and the Defendants jointly filed the instant motion to stay further proceedings in this matter pending disposition of the appeal pursuant to Federal Rule of Appellate Procedure 8(a). ECF No. 72. Koiro did not file a response to Defendants' Joint Motion for Stay.  Notice of Non-Opposition, ECF No. 77.

## II. DISCUSSION

Qualified immunity is immunity from suit, not a mere defense to liability. V-1 Oil Co. v. Smith, 114 F.3d 854, 856 (9th Cir. 1997). "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision . . . ." Mitchell v. Forsyth, 472 U.S. 511, 529 (1985) (internal quotation marks omitted). But "[w]here the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." Collins v. Jordan, 110 F.3d 1363, 1370 (9th Cir. 1996); see also Johnson v. Jones, 515 U.S. 304, 313 (1995) (holding that a district court's denial of qualified immunity based upon "only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial," is not an appealable order).

A proper appeal from a denial of qualified immunity "divests the district court of jurisdiction to proceed with trial." Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). Conversely, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction. Id. A district court may certify in writing that the appeal is frivolous or waived and proceed with trial. Id. Without such certification, however, "the trial is automatically delayed until disposition of the appeal." Id. To declare an appeal frivolous, the court must find that it is "wholly without merit." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (internal citations omitted); see also Wilcox v. Comm'r of Internal Revenue, 848 F.2d 1007, 1009 (9th Cir. 1988) ("An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit.").

## III. DISCUSSION

Defendants argue that Catanese's appeal is not frivolous because there are legitimate questions as to whether Catanese actually violated Koiro's Fourth Amendment rights and whether those rights were clearly established. Mot. Stay, ECF No. 72 at 4.

The Court cannot say that Catanese's appeal is frivolous at this time. An appeal of the Court's Order denying qualified immunity would be frivolous if it were merely based on whether

material facts are in dispute. However, to the extent that Catanese is not contesting the facts as alleged by Koiro, but contests instead whether his alleged conduct violated a clearly established legal standard, the Court finds that his appeal is not wholly without merit. See Jeffers v. Gomez, 267 F.3d 895, 905-06 (9th Cir. 2001) (concluding that appellate jurisdiction extends to whether, taking the facts and drawing all inferences in favor of the plaintiff, "the defendant nevertheless is entitled to immunity as a matter of law."). Therefore, the Court does not certify that the appeal is frivolous and, as it is therefore divested of jurisdiction to proceed to trial, grants Defendants' joint motion for a stay of further proceedings in this matter pending the disposition of Catanese's qualified immunity claims on interlocutory appeal.

### IV.   CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendants Las Vegas Metropolitan Police Department and Christopher Catanese's Joint Motion for Stay (ECF No. 72) is GRANTED. This case is STAYED until the Court enters its Order on Mandate following resolution of Defendant Christopher Catanese's appeal (case no. 14-17514) by the United States Court of Appeals for the Ninth Circuit.

Dated: April 29, 2015.

**RICHARD F. BOULWARE, II**
**United States District Judge**